UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MYSTIC TRANSPORTATION, INC. and
MYSTIC BULK CARRIERS, INC.,

                Plaintiffs,

                v.

JUDAH FEINERMAN a/k/a JUDD FEINERMAN,
C.S.I.R. ENTERPRISES, INC., C.S.I.R. OF
CONNECTICUT, INC., JUDD ASSOCIATES,
LTD., FRANK DEPRISCO, JR., FRANK
DEPRISCO, SR., SEYMOUR M. SCHLESSEL,
NORMAN MELTZER, GRESHAM &
ASSOCIATES, INC., OVERLAND             **ORDER**
UNDERWRITING MANAGERS, INC., GCG RISK
MANAGEMENT, INC., SWETT & CRAWFORD,
FIRST INSURANCE FUNDING CORP., ROYAL     02-CV-6447(NGG)
PREMIUM BUDGET, INC., KERWICK &
CURRAN, INC., PREMIUM PAYMENT PLAN,
L.P., RAPID COVERAGE CORPORATION, and
AMGRO, INC.

                Defendants.
-----------------------------------------------------------------------x

GARAUFIS, United States District Judge.

     On February 4, 2005, the court issued an Order entering a $886,228.21 charging lien in favor of Robinson Brog Leinwand Greene Genovese & Gluck P.C. ("Robinson Brog") for attorneys' fees owed to it by Mystic Tank Lines Corp ("Mystic"), successor to Mystic Transportation, Inc. and Mystic Bulk Carriers, Inc. The Order directed that in the event of future recoveries, Robinson Brog is to serve a proposed order of payment on all parties to this action and the court. The proposed order is to be accompanied by a letter or memorandum that sets out an accounting of the funds received to date and those still owing, as well as an explanation of

any connection between Robinson Brog's work in the case and the recovery of the requested funds. Further, the Order provided that any objection to the proposed payment shall be due within ten (10) days of Robinson Brog's service of its proposed order.

On March 10, 2005, Robinson Brog submitted a proposed order for payment of approximately $100,000 in funds of defendant C.S.I.R. Enterprises ("C.S.I.R.") currently being held by Citibank, N.A. ("Citibank") pursuant to a restraining order that Robinson Brog had served upon it in connection with this case. In response, Security Insurance, intervenor plaintiff, wrote the court on March 24, opposing the release of the funds held at Citibank to Robinson Brog. The court issued an Order directing Security Insurance to file written objections and permitting Robinson Brog, or any other interested party, to respond. Submissions have been received from both Security Insurance and Robinson Brog, as well from plaintiff Mystic.

Having reviewed the parties' submissions, the court hereby directs that the funds being held by Citibank shall be paid to Robinson Brog in partial satisfaction of its charging lien for attorneys' fees owed to it by Mystic. Because these funds were restrained by Robinson Brog on behalf of Mystic there is a nexus between Robinson Brog's work and their recovery that makes payment to Robinson Brog appropriate. Payment to Robinson Brog is also in conformity with the Consent Order entered by the United States Bankruptcy Court for the District of New Jersey, where Mystic filed a Chapter 11 proceeding. That Order authorized relief from the automatic stay specifically so that Robinson Brog could make the instant application.

Security Insurance's opposition to the payment of funds to Robinson Brog is unavailing. It claims that as a direct victim of fraud by C.S.I.R. it should have priority over Robinson Brog, a third-party to the action, in recovering any available assets from C.S.I.R. This position,

however, overlooks the fact that this court has entered a charging lien in favor Robinson Brog against Mystic. As a result, the payment of the funds to Robinson Brog in effect constitutes a payment to Mystic. And since the funds were originally restrained on behalf of Mystic, it retains priority over Security Insurance in this case, the events of proceedings in other cases notwithstanding. Furthermore, Robinson Brog has represented to the court that Security Insurance's potential claim to these funds, a restraint filed pursuant to a judgement obtained by Security Insurance against C.S.I.R. in the Southern District of New York, has lapsed through inactivity. As a result, there appear to be no valid grounds on which Security Insurance can claim priority to these funds.

For these reasons, the court hereby directs Citibank to make payment of the C.S.I.R. funds directly to Robinson Brog.


SO ORDERED.


Dated: May 11, 2005  /s/ Nicholas Garaufis
      Brooklyn, N.Y.  NICHOLAS G. GARAUFIS
                          United States District Judge